# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                            Case No. 1:19-cr-03798 KWR

FILIBERTO ARROYO-GONZALES,
*a/k/a* JOEL MORA,

    Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court upon Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). Doc. 126. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) for his medical issues and age. Having reviewed the record and applicable law, the Court finds Defendant's motion is not well taken and, therefore, is **DENIED**.

## BACKGROUND

On October 22, 2019, a federal grand jury returned a one-count indictment, charging the Defendant with the following: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute 50 Grams and More of Methamphetamine. Doc. 36. After several controlled buys, law enforcement recovered approximately 3.25 kilograms of methamphetamine during a search of Defendant's house.

Defendant pled guilty to the one-count Indictment, with a sentence range of 120 months to life. Doc. 91 at 2. The Rule 11(c)(1)(C) plea agreement stipulated to a specific sentence of 151 to 210 months' imprisonment. PSR, Doc. 94 at ¶ 74. The PSR calculated a guideline range of 235 months to 293 months of imprisonment. PSR at ¶ 73.

On February 1, 2023, Defendant was sentenced to 151 months' imprisonment, the minimum sentence under the Rule 11(c)(1)(C) plea agreement.  Doc. 122.

Defendant filed two motions for a sentence reduction, which were denied.  Docs. 123-125.

Defendant seeks release to his ranch in Mexico. He is subject to an ICE detainer.  He has been deported twice, PSR at ¶ 49, and he admitted to illegally reentering the country in 2014, PSR at ¶ 24.

## DISCUSSION

Defendant seeks compassionate release, asserting that his age and various medical issues establish extraordinary and compelling reasons to shorten his sentence under 18 U.S.C. § 3582(c)(1)(A).  He requests immediate release.  Doc. 127 at 3.

"In general, once a court has imposed a sentence, the court has no authority to modify that sentence. However, ... Congress has provided the court with the authority to modify previously imposed sentences in" limited circumstances set forth under 18 U.S.C. § 3582(c). *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). As relevant here, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).  "[D]istrict courts may deny compassionate-

release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.  But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

## I.      Administrative exhaustion was not raised by the Government.

The Government does not argue that the Court should deny or dismiss Defendant's motion for lack of administrative exhaustion.  A defendant may file a compassionate release motion with a district court after he has fully exhausted all of his administrative rights to appeal the BOP's failure to bring a motion for compassionate release on his behalf, or after the lapse of 30 days from the receipt of his compassionate release request by the warden. 18 U.S.C. § 3582(c)(1)(A).

Generally, a defendant bears the burden to prove exhaustion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021).  However, the administrative exhaustion requirement may be waived or forfeited by the Government if it does not invoke it.  *Id.* at 1330-31. Here, the Government did not expressly raise administrative exhaustion as a reason to deny the motion. The Government acknowledges that the Warden denied his May 20, 2024 request for a sentence reduction on February 7, 2025.  Doc. 130 at 4.  Although the response expresses some doubt as to whether he administratively exhausted his claim at issue here, the Government does not request that the Court deny or dismiss his claim on this basis.  Rather, the response proceeds to the merits. Therefore, the Court will proceed to the merits.

## II.     Defendant has not demonstrated extraordinary and compelling circumstances for release.

As explained below, the Court concludes that Defendant has not established extraordinary and compelling circumstances warranting immediate release.

The Court looks to the Sentencing Commission's policy statement on compassionate release. U.S.S.G. § 1B1.13. "The policy statement recognizes six categories of 'extraordinary and compelling reasons' justifying compassionate release: (1) certain medical circumstances of the defendant; (2) a combination of advanced age, deteriorating health, and a significant term of imprisonment already served; (3) compelling family circumstances; (4) sexual or physical abuse committed by correctional staff against the defendant; (5) other reasons that are similar in gravity to the prior four categories of extraordinary and compelling reasons; and (6) an unusually long sentence, combined with the defendant having served at least ten years and a subsequent change in law producing a gross sentencing disparity. § 1B1.13(b)." *United States v. McCoy,* 2025 WL 2353013, at *2 (10th Cir. 2025) (unpublished).

"The applicable policy statement lists four medical circumstances that qualify as extraordinary and compelling: (1) a terminal illness, (2) a serious medical issue that substantially diminishes a defendant's ability to self-care within a correctional facility, (3) a medical condition requiring long-term or specialized care that is not being provided and without which the defendant risks serious deterioration in health or death, and (4) personal health factors and custodial status that create an increased risk of suffering severe medical complications or death from exposure to an ongoing outbreak of infectious disease. § 1B1.13(b)(1)." *United States v. Davis*, No. 24-3164, 2025 WL 1000344, at *3 (10th Cir. Apr. 3, 2025) (unpublished).

Here, Defendant asserts there are extraordinary and compelling reasons for his immediate release due to (1) serious medical issues and (2) a combination of advanced age, deteriorating health, and a significant term of imprisonment already served.  As explained below, Defendant has not shown extraordinary and compelling circumstances warranting release for either reason.

4

None of Defendant's medical circumstances qualify as an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(1).  Defendant asserts that he suffers from knee pain, high blood pressure, and memory loss.  In the PSR, it was noted that he had high blood pressure, PSR Doc. 94 at ¶ 62, was obese, *Id.,* and had difficulty recalling or remembering information, *Id.* at ¶ 63.  He asserts he suffered head injuries and memory loss in childhood.  PSR, Doc. 94 at ¶ 57.

Defendant is not suffering from a terminal illness.  USSG § 1B.13(b)(1)(A).  He is not suffering from a serious physical or medical condition, or a serious functional or cognitive impairment that substantially diminishes his ability to provide self-care within the environment of a correctional facility.  His motion and memorandum do not demonstrate that he is suffering from a serious condition which is not being treated or which *impedes his ability to provide self-care* within the environment of a correctional facility. USSG § 1B1.13(b)(1)(B), (C). Rather, he expressly states that he does *not* need assistance with self-care.  Doc. 126 at 11.

The medical records state that his blood pressure is "well controlled" and he is compliant with his medication.  Doc. 130-2 at 2. His knee issues are treated with a pain reliever.  Finally, his memory issues appear to stem from head injuries suffered in childhood. PSR at ¶¶ 57, 63. However, the record does not reflect that his memory issues prevent him from self-care in prison. For example, his blood pressure is "well-controlled" through medication. Rather, he states he does not need assistance with self-care.  Doc. 126 at 11.

In sum, none of his medical issues constitute an extraordinary and compelling circumstance for release.

Defendant asserts he should be released because of his age. USSG § 1B1.13 states that the

age of the defendant may be an extraordinary and compelling circumstance under the following

conditions:

> (2) Age of the Defendant.—The defendant (A) is at least 65 years old; (B) is experiencing
> a serious deterioration in physical or mental health because of the aging process; and (C)
> has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is
> less.

USSG § 1B1.13(b)(2). Here, as of the filing of his motion and the entry of this order, Defendant

is not yet 65 years old.  Moreover, he has not served at least ten years' imprisonment.  He was

sentenced to 151 months' imprisonment, and has been in custody since July 16, 2018.  He has a

release date of May 9, 2028. Moreover, he has not demonstrated that he is experiencing a serious

deterioration in physical or mental health because of the aging process, as explained above.

Therefore, Defendant has not demonstrated extraordinary and compelling circumstances

warranting his immediate release.

III.     **Alternatively, weighing the § 3553(a) factors, the Court concludes that release is not**
         **appropriate.**

Even assuming Defendant had shown extraordinary and compelling circumstances for

release, the Court concludes that release is not warranted under the record and the applicable §

3553(a) factors. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment… after

considering the factors set forth in section 3553(a) to the extent they are applicable…").

The Court incorporates herein the findings and reasoning it has already articulated at

sentencing. *Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018) (looking to district court's

reasoning at sentencing in affirming order on sentencing reduction under § 3582(c)(2)).

Moreover, considering the § 3553(a) factors and the *current* record before the Court, the

Court concludes that a sentence reduction is not warranted.

6

Here, Defendant requests that the Court reduce his sentence due to his medical conditions and his age. He asserts that he wants to return to his ranch in Mexico.

Defendant was sentenced to 151 months' imprisonment, the minimum sentence in his Rule 11(c)(1)(C) plea agreement, well below the guideline range of 235 months to 293 months of imprisonment. PSR at ¶ 73. *See* § 3553(a)(3), (4) (directing court to consider the sentencing range established by Sentencing Commission). This sentencing factor does not favor his immediate release.

Moreover, the Court must consider the characteristics of the Defendant. § 3553(a)(1). Defendant asserts that the Court should release him from prison because of his health conditions and age. His health conditions include high blood pressure, intermittent memory loss, pain in the knees inhibiting his mobility, and arthritis of the knees. Doc. 127 at 4. The Government presented evidence from Defendant's medical records showing hypertension, obesity, and knee pain. Doc. 130 at 8. He asserts he receives multiple medications for his hypertension, and a gel pain medication for his knees. Doc. 127 at 2. He asserts that due to his memory loss, he has difficulty remembering appointments or remembering to take his medication.

In the PSR, it was noted that he had high blood pressure, PSR Doc. 94 at ¶ 62, was obese, *Id.,* and had difficulty recalling or remembering information, *Id.* at ¶ 63. He asserts he suffered head injuries and memory loss in childhood. *Id.* at ¶ 57. Moreover, he was sentenced on February 1, 2023 when he was approximately 62 years old. *Id.* at 3. Therefore, the Court already considered many of his asserted medical and age factors in fashioning his current sentence. Nevertheless, considering the record anew, the Court concludes that his health conditions and age do not warrant a sentence reduction.

Of course, the Court is aware that his conditions could have deteriorated while in custody. However, the record reflects that he received medication for his hypertension and his hypertension is controlled.   Doc. 127 at 2; Doc. 130 at 8. Moreover, his knee pain is being treated with medication.  Doc. 130 at 8.  The PSR reflected that his memory loss is a long-standing condition from a childhood injury, but the record does not demonstrate that it is getting appreciably worse while in custody. PSR, Doc. 94 at ¶ 57.

Defendant asserts he is suffering a slow deterioration of his physical health due to the aging process.  As noted above, the record does not reflect that his aging impedes his ability to provide self-care in a custodial setting.

Moreover, based on his own admission, he has been selling drugs for a long time, has been deported, and has illegally reentered the country.   PSR at ¶ 24. Therefore, his history and characteristics do not warrant immediate release. § 3553(a)(1).

Defendant pled guilty to possession with intent to distribute 50 grams and more of methamphetamine. § 3553(a)(1) (directing court to consider the nature and circumstances of the offense). He possessed with the intent to distribute a substantial amount of methamphetamine.  The record reflects multiple controlled buys. He sold firearms as well as methamphetamine. PSR at ¶ 22. The Court concludes that reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Reducing his sentence would not further the need for deterrence. § 3553(a)(2)(A)-(D).  Moreover, the Court finds that Defendant should serve the remainder of his sentence to protect the public from further crimes of the defendant. *Id.* Although the Court is aware he has an ICE detainer, his potential deportation does not mean he would pose no risk to the public upon release.  He has also been deported multiple

8

times and has illegally re-entered the country. PSR at ¶ 24 ("Mora admitted he had been arrested in California in 1986 for selling drugs. He stated he had been to court many times for selling drugs. Mora detailed he had been in prison for seven years and then was deported to Mexico. He illegally re-entered the United States in about 2014.").

Finally, neither party presented any evidence or argument that the Court should reduce his sentence to avoid unwarranted sentencing disparities. § 3553(a)(6). Notably, his sentence is substantially below the guideline sentence.

Therefore, the Court concludes that the applicable § 3553(a) factors and the current record do not weigh in favor of reducing his sentence.

## CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. 3582(c)(1)(A) **(Doc. 126)** is **DENIED.**


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE